Citation Nr: 1104829 
Decision Date: 02/07/11 Archive Date: 02/14/11

DOCKET NO. 08-13 504 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, 
Massachusetts

THE ISSUE

Whether new and material evidence has been presented to reopen a 
claim of entitlement to service connection for bilateral hearing 
loss, and if so, whether service connection is warranted.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

J. Connolly, Counsel

INTRODUCTION

The Veteran had active service from August 1978 to August 1980.

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a March 2005 rating decision of the Department of 
Veterans Affairs (VA) Regional Office (RO) in Boston, 
Massachusetts. In September 2010, the Veteran testified before 
the undersigned at a Travel Board hearing.

The issue of service connection for bilateral hearing loss is 
addressed in the REMAND portion of the decision below and is 
REMANDED to the RO via the Appeals Management Center (AMC), in 
Washington, DC.

FINDINGS OF FACT

1. In November 1979, the RO denied service connection for a 
hightone hearing loss. The Veteran did not appeal.

2. Evidence submitted since the RO's November 1979 decision 
includes new service department records dated in November 1978 
pertaining to hearing loss.

CONCLUSIONS OF LAW

1. The RO's November 1979 rating decision which denied service 
connection for hightone hearing loss is final. 38 U.S.C.A. § 
7105 (West 2002 & Supp. 2010).

2. New and material evidence has been received since the RO's 
November 1979 rating decision; thus, the claim of service 
connection for a bilateral hearing loss is reopened. 38 U.S.C.A. 
§§ 5108, 7105 (West 2002 & Supp. 2010); 38 C.F.R. § 3.156(c) 
(2010).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

There has been a significant change in the law with the enactment 
of the Veterans Claims Assistance Act of 2000 (VCAA). See 
38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 
38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326. With regard to the 
issue of whether new and material evidence has been received to 
reopen the claim of service connection for hearing loss, the 
Veteran's claim is being granted to the extent that it is 
reopened. As such, any deficiencies with regard to VCAA are 
harmless and nonprejudicial.

In November 1979, the RO denied service connection for a hightone 
hearing loss on the basis that the Veteran had hearing loss which 
preexisted service and was not aggravated therein. A notice of 
disagreement was not received within the subsequent one-year 
period. Therefore, the RO's November 1979 rating decision is 
final. 38 U.S.C.A. § 7105.

Prior unappealed decisions are final. However, a claim will be 
reopened and the former disposition reviewed if new and material 
evidence is presented or secured with respect to the claim which 
has been disallowed. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). 
The United States Court of Appeals for Veterans Claims (Court) 
has held that, when "new and material evidence" is presented or 
secured with respect to a previously and finally disallowed 
claim, VA must reopen the claim. Manio v. Derwinski, 1 Vet. App. 
140, 145 (1991).

New evidence means existing evidence not previously submitted to 
agency decisionmakers. Material evidence means existing evidence 
that, by itself or when considered with previous evidence of 
record, relates to an unestablished fact necessary to 
substantiate the claim. New and material evidence can be neither 
cumulative nor redundant of the evidence of record at the time of 
the last prior final denial of the claim sought to be reopened, 
and must raise a reasonable possibility of substantiating the 
claim. 38 C.F.R. § 3.156(a) (2010).

According to 38 C.F.R. § 3.156(c), at any time after VA issues a 
decision on a claim, if VA receives or associates with the claims 
file relevant official service department records that existed 
and had not been associated with the claims file when VA first 
decided the claim, VA will reconsider the claim. 

In this case, the Veteran has submitted copies of service 
treatment records including a November 1978 record which 
pertained to bilateral hearing loss. As a new service document 
(one not previously in the claims file) has been submitted, the 
claim must be reconsidered. 

ORDER

The application to reopen the claim of service connection for 
bilateral hearing loss is granted. 

REMAND

Unfortunately, a remand is required in this case. Although the 
Board sincerely regrets the additional delay, it is necessary to 
ensure that there is a complete record upon which to decide the 
Veteran's claim so that he is afforded every possible 
consideration.

At his personal hearing, the Veteran reported that he was exposed 
to loud tank engine and firing noises during service. He 
referenced his entrance examination in which hearing loss was 
shown, but did not disqualify him for service, and his discharge 
examination which he asserts showed worse hearing loss as a 
result of inservice noise exposure. 

In light of these assertions, a VA medical opinion should be 
obtained. The examiner should determine if the Veteran's pre-
service hearing loss underwent an increase during service and, if 
so, if the increase was due to the natural progress of the 
disease or was the increase in disability beyond the natural 
progress of the disease. The examiner should address and 
acknowledge the contentions of in-service noise exposure and 
should comment on the in-service audiological findings, including 
on the entrance and discharge examinations. 

Accordingly, this matter is REMANDED for the following actions:

1. Schedule the Veteran for a VA ear 
examination. The examiner should review 
the claims folder in conjunction with the 
examination. 

Appropriate testing, including a controlled 
speech discrimination test (Maryland CNC) 
and a puretone audiometry test, should be 
conducted. The results of puretone 
threshold testing for 500, 1000, 2000, 
3000, and 4000 Hertz and speech recognition 
testing using the Maryland CNC test are to 
be reported.

The examiner should provide an opinion as 
to whether the Veteran's hearing loss, 
noted upon entrance examination in May 
1977, was aggravated during his service. 
(Temporary or intermittent flare-ups of a 
pre-service condition, without evidence of 
worsening of the underlying condition, are 
not sufficient to be considered aggravation 
in service.) If the Veteran's hearing loss 
did worsen during service, was any such 
worsening beyond the natural progression of 
the condition?

The examiner should address and 
acknowledge the contentions of in-
service noise exposure and should 
comment on the inservice audiological 
findings, including on the entrance and 
discharge examinations. The examiner 
should provide a complete rationale for 
all opinions expressed and conclusions 
reached. 

2. Review the medical opinion obtained above 
to ensure that the remand directives have 
been accomplished. If all questions posed 
are not answered or sufficiently answered, 
return the case to the examiner for 
completion of the inquiry.

3. Finally, readjudicate the claim on appeal 
in light of all of the evidence of record. 
If the issue remains denied, the Veteran 
should be provided with a supplemental 
statement of the case and afforded a 
reasonable period of time within which to 
respond thereto. 

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West 2002 & Supp. 2010).

______________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

 Department of Veterans Affairs